Matthew John KAVANAUGH, Plaintiff,

v.

SPERRY UNIVAC, a Division of Sperry Corp., Defendant.

No. 80 C 3285.

United States District Court,
N. D. Illinois, E. D.

April 15, 1981.

Matthew John Kavanaugh, pro se.

James W. Gladden, Jr., Susan S. Sher, Danuta Bembenista Panich of Mayer, Brown & Platt, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, District Judge.

Defendant, Sperry Univac ("Sperry"), has filed a motion to dismiss this action brought

by plaintiff, Matthew Kavanaugh, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Sperry urges that the current action is barred by the doctrine of res judicata on the basis of a prior action filed by Kavanaugh in this district. In *Kavanaugh v. Sperry Univac*, No. 76 C 889, slip opinion (N.D.Ill. September 27, 1977), Judge Leighton granted Sperry's motion for summary judgment. This order was affirmed by the Seventh Circuit in an unpublished order. *Kavanaugh v. Grundman & Sperry Univac*, 577 F.2d 748 (7th Cir. 1978).

In the 1975 action, plaintiff filed charges with the EEOC alleging that Sperry had failed to rehire him [1] because he was not of German ancestry (Kavanaugh is Irish), the ancestry of a vice-president in Sperry's Chicago office. In the instant suit, plaintiff realleges this same allegation in Count II of his complaint. The complaint alleges in Count I, which for the purposes of this motion is taken as true, that Kavanaugh reapplied for a position at Sperry in 1979 and that Sperry refused to rehire him because of the charges he filed with the EEOC described above. For the reasons set forth below, Sperry's motion to dismiss is denied as to Count I and is granted as to Count II.

█ Count II clearly is barred by the doctrine of res judicata. The gravamen of this claim is stated in ¶ 3 of the complaint which states, "the defendant's action with respect to his charge of 1975 was unwarranted and improper...." It is obvious that Count II is merely another attempt by plaintiff to relitigate his initial dispute with his former employer. Kavanaugh, however, had his day in court on this claim before Judge Leighton in 1977 and before a panel of the Seventh Circuit in 1978. He is not entitled to another crack here. *Stevenson v. International Paper Co.*, 516 F.2d 103, 108–109 (5th Cir. 1975). Count II is dismissed.

█ It is considerably more difficult summarily to dispose of Count I, the retali-

atory refusal to rehire claim. Since plaintiff did not reapply at Sperry until 1979, obviously this claim could not have been subject to prior litigation. Moreover, contrary to Sperry's suggestion, the prior litigation does not necessarily preclude Kavanaugh from establishing a prima facie case under the standards of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1972). The 1975 action conclusively established only that plaintiff was not denied reemployment because of discrimination. It was not ascertained whether or not he was qualified for the position for which he applied. Accordingly, the principles of res judicata do not apply. *See Kilgoar v. Colbert County Board of Education*, 578 F.2d 1033 (5th Cir. 1978); *Dawkins v. Nabisco, Inc.*, 549 F.2d 396 (5th Cir.), *cert. den.* 433 U.S. 910, 97 S.Ct. 2978, 53 L.Ed.2d 1095 (1977).

It would appear, therefore, that Kavanaugh has stated a claim under § 704(a) of the 1964 Civil Rights Act. 42 U.S.C. § 2000e–3. That section provides, in pertinent part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter.

█ Though the conclusion that Kavanaugh has stated a claim is sufficient to dispose of the matters before the court, some further comments are appropriate, given the factual setting of this case. In a generic sense, plaintiff's right to complain to the EEOC or file a civil action is protected by Title VII. However, the safeguards afforded by the statute are not unlimited in application. "Congress did not intend by Title VII ... to guarantee a job to every person regardless of qualifications." *Griggs v. Duke Power Co.*, 401 U.S. 424, 430, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971).

---

1. Kavanaugh previously had worked as a salesman at Sperry from 1949 to 1968.

Nor, in the court's view, was the Act designed to license an endless series of essentially frivolous and harassing claims by an employee against his former employer. Rather, as the court observed in *EEOC v. Kallir, Phillips, Ross, Inc.*, 401 F.Supp. 66 (S.D.N.Y.1975):

> Under some circumstances, an employee's conduct ... may be so excessive and so deliberately calculated to inflict needless economic hardship on the employer that the employee loses the protection of [Title VII].

401 F.Supp. at 71–72.

 Assuming then that Kavanaugh can actually prove the allegations of his complaint, the burden would be on Sperry to articulate a "legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell-Douglas v. Green, supra* at 802, 93 S.Ct. at 1824. And an evaluation of the merits of Sperry's refusal to rehire plaintiff must be made by balancing the purposes of Title VII against the need recognized by Congress to refrain from hamstringing legitimate employer discretion in the hiring and control of its personnel. *See Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222, 231 (1st Cir. 1975).

In the present case, this court does not foreclose the possibility that Kavanaugh's history of prior litigation against Sperry, while normally protected, constituted non-actionable grounds for the refusal to reemploy plaintiff. More specifically, Judge Leighton previously concluded, in granting summary judgment, that "the facts will not support even a *prima facie* showing of unlawful employment discrimination", and the Court of Appeals agreed. Those circumstances, bearing, as they do, both on plaintiff's qualifications as an employee and the employer's reasonable apprehension of the consequences should it resume the employment relationship, may render an otherwise unlawful retaliatory action a "legitimate, non-discriminatory" response by Sperry which is beyond the reach of Title VII.[2] This, however, is something that can only be determined after further proceedings.

Accordingly, it is concluded that defendant's motion to dismiss is granted as to Count II and denied as to Count I. In addition, plaintiff is admonished to reevaluate the merits of his case in light of the opinions expressed herein and the possibility that plaintiff runs the not-insignificant risk that attorneys' fees and costs may be awarded against him should defendant ultimately prevail in this litigation. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976).

---

**2.** The application of these statements is quite limited. Here plaintiff's prior charges, somewhat incredible on their face, were judicially determined to be meritless after the employer had been required to defend itself both in the trial court and on appeal. The situation would be entirely changed were it only the employer's judgment that plaintiff's prior resort to otherwise protected activities was groundless.