Ronald WASHINGTON, Plaintiff,

v.

GROEN DIVISION/DOVER CORPORATION, et al., Defendants.

No. 84 C 4453.

United States District Court, N.D. Illinois, E.D.

May 9, 1986.

Ronald Washington, pro se.

Victor E. Grimm (Court-appointed), Jeffrey A. Blevins, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

Arthur B. Smith, Jr., Murphy, Smith & Polk, Chicago, Ill., for defendants.

ORDER

NORGLE, District Judge.

The Court's last encounter with this case was on Defendants' motion to dismiss or, in the alternative, to stay this lawsuit pending the determination of a similar claim by

Plaintiff before the Illinois Human Rights Commission (IHRC). Defendants argued the doctrine of *res judicata* (as applied by Judge Bua in *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 590 F.Supp. 1146 (N.D.Ill.1984)) required the dismissal of this lawsuit. The Court denied Defendants' motion because the IHRC had not reached a determination of Plaintiff's claim. Without a final administrative decision, the Court could not apply the doctrine of administrative *res judicata*. The IHRC has now rendered a final decision on Plaintiff's claim and Defendants' reassert the application of administrative *res judicata* to Plaintiff's federal lawsuit. Some relevant history is explored before proceeding to the merits of Defendants' motion for summary judgment.

On March 1, 1983, Plaintiff filed a complaint with the IHRC (IHRC Complaint). Deft's Ex A.[1] Plaintiff alleged he was fired by Defendants in violation of Ill.Rev. Stat. ch. 68, § 6–101(A). Section 6–101(A) makes it unlawful to retaliate against a person because he has made a charge of unlawful discrimination.

The IHRC complaint stated Plaintiff had filed discrimination charges against Defendants at various times; specifically, from 1978 to 1981 Plaintiff filed discrimination charges with the IHRC. Plaintiff further alleged that he was fired by Defendants because of his past filing of discrimination charges. Plaintiff's IHRC complaint acknowledged the stated reason for his discharge (that he had threatened a supervisor), but Plaintiff claimed that reason was a pretext for discrimination.

Plaintiff proceeded on his IHRC complaint and an administrative hearing was held on February 6, 1984. Administrative Law Judge (ALJ) Lythcott conducted the five day hearing at which witnesses were examined and counsel presented evidence. At the conclusion of the hearing the parties presented argument and briefs. The ALJ concluded that Plaintiff had failed to prove his claim of retaliatory discharge and recommended dismissal of the IHRC complaint. Defendant's Ex F (ALJ's Recommended Order and Decision). On October 9, 1985, a panel of the IHRC (three commissioners) affirmed and adopted substantially all of the ALJ's Recommended Order and Decision. *See* Deft's Ex I. The only point on which the panel disagreed with the ALJ concerned Plaintiff's proof of a *prima facie* case of retaliatory discharge. The ALJ's Order contains conflicting statements on whether Plaintiff made out a *prima facie* case.[2] The panel concluded the ALJ mistakenly stated that Plaintiff had not made a *prima facie* showing of retaliatory discharge and adopted the ALJ's Order with that modification. *See* Deft's Ex I.

Plaintiff filed his complaint with this Court on June 25, 1984. He was granted leave to proceed *in forma pauperis* and an attorney was appointed him on September 21, 1984. An amended complaint followed on October 19, 1984.

The amended Complaint alleges Defendants intentionally subjected Plaintiff to a pattern of discriminatory conduct because of his race in violation of 42 U.S.C. § 1981. The Court reads that allegation as directed at Defendants' conduct while Plaintiff was on the job. That reading is drawn from the amended Complaint's reference to dispar-

1. Throughout this Order the Court refers to Defendants' exhibits (*e.g.*, Deft's Ex). Such citations reflect a desire for consistency and coherence. It is also worth noting that this motion is Defendants' motion for summary judgment. And, although the material facts are uncontested, Plaintiff still has the burden of bringing conflicting facts and issues to the Court's attention. *See* Fed.R.Civ.P. 56(c).

2. There is much in the ALJ's Order which suggests he actually concluded Plaintiff made out a *prima facie* case of retaliatory discharge and did not intend to find the contrary. For example, the ALJ's factual analysis (which is very detailed) would be unnecessary if he had actually concluded Plaintiff failed to make out a *prima facie* case. *See* Deft's Ex F at 3–4. Additionally, the ALJ's apparent grasp of the applicable law and the depth of his analysis (not to mention the conduct of an exhaustive hearing) convinces the Court that he made an inadvertent mistake when he stated Plaintiff had failed to make out a *prima facie* case.

ate and discriminatory treatment in working conditions, training, promotions, compensation and discipline. The amended Complaint goes on to allege that Defendants' discrimination on the job culminated in Plaintiff's discharge.[3]

Defendants insist Plaintiff's federal claim is barred by the doctrine of administrative *res judicata.* Their theory is that Plaintiff has taken the facts which served as the basis for his unsuccessful IHRC complaint (a claim for retaliatory discharge), dressed them up in a new theory (a § 1981 claim) and presented them to this Court in the form of the amended Complaint. Because the Court finds Plaintiff's IHRC complaint and the amended Complaint derive from the same core of operative facts and that the remaining elements of administrative *res judicata* are met, Defendants' motion for summary judgment will be granted.

The Seventh Circuit's decision in *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 768 F.2d 842 (C.A.7 1985) controls this case. The *Buckhalter* court held that a Plaintiff is precluded by the doctrine of administrative *res judicata* from bringing Title VII and § 1981 claims in federal court when those claims have already been brought before and decided by a state administrative agency acting in a judicial capacity. *Buckhalter,* 768 F.2d at 850. The doctrine of administrative *res judicata* as explained in *Buckhalter,* has three elements: a) the administrative agency must have been acting in a judicial capacity (*id.* at 851); b) the parties must have had a full and fair opportunity to litigate their claims in the administrative forum (*id.* at 852); and c) the traditional prerequisites to the application of *res judicata* must be satisfied. (*Id.*). The traditional prerequisites to the application of *res judicata* are "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Lee v. City of Peoria,* 685 F.2d 196, 199 (C.A.7 1982).

Plaintiff does not contest that his hearing before the IHRC had all the attributes of a judicial proceeding identified in *Buckhalter.* Prior to the hearing, both parties conducted discovery and submitted memoranda of law. At the hearing, witnesses were called and examined by both sides, opening and closing arguments were made, and the ALJ applied rules of evidence. After trial, the parties participated in the process of formulating proposed findings of fact and conclusions of law; Defendants filed proposed findings and Plaintiff presented objections. Thus, because neither side has cited any deficiency in Plaintiff's hearing before the IHRC (and the Court can find none), the Court finds that the ALJ who conducted Plaintiff's IHRC hearing acted in a judicial capacity.

Nor does Plaintiff contest the finality of the decision by the IHRC or the identity of the parties in this and the prior action. The ALJ issued his Recommended Order and Decision dismissing Plaintiff's IHRC complaint on May 15, 1985. A panel of the IHRC affirmed and adopted the ALJ's decision on October 9, 1985 in all but one respect. That decision became final on November 13, 1985 when Plaintiff's right to review by an Illinois Circuit Court expired. *See* Ill.Rev.Stat. ch. 110, § 3–103 ("Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected.")

Plaintiff nevertheless contests the application of administrative *res judicata* in this

---

**3.** The amended Complaint also makes vague allegations that Defendants persist in their discrimination by giving disparaging references to Plaintiff's prospective employers. That post-discharge allegation standing by itself is insufficient to state a claim. For example, Plaintiff does not allege Defendants' references are untruthful or inaccurate. Without such allegations the Court is not aware of any legal basis for such a claim, and Plaintiff has suggested none. Given the content of this Order, however, it is worth noting that if such a claim were cognizable, it is debatable whether it would be barred by *res judicata. See Green v. Illinois Dept. of Trans.,* 609 F.Supp. 1021, 1026–27 (N.D. Ill.1985).

lawsuit. Plaintiff claims application of *res judicata* to his federal claim will deny him a full and fair opportunity to ligitate that claim because there is no identity of the cause of action he brought before the IHRC (retaliatory discharge under the Illinois Human Rights Act) and the cause of action brought before this Court (discrimination on the basis of race in violation of 42 U.S.C. § 1981). Plaintiff's theory is premised on material distinctions between the theory he presented to the IHRC (retaliatory discharge) and the theory he presents to this Court (§ 1981). As will be seen, distinctions between the theories presented in the two actions are largely irrelevant in analyzing the reach of *res judicata*, and for that reason Plaintiff's arguments must fail.

The doctrine of *res judicata* bars claims which have been brought and decided in a prior action as well as claims which could have been brought and decided in the prior action. *Lee v. City of Peoria*, 685 F.2d 196, 198 (C.A.7 1982); *Whitley v. Seibel*, 676 F.2d 245, 248 (C.A.7 1982). *See generally Restatement (Second) of Judgments* §§ 19, 24–26 (1980). As in most cases, the real contest is whether a plaintiff's administrative and federal claims involve different causes of action. *See, e.g., Green v. Illinois Dept. of Trans.*, 609 F.Supp. 1021, 1024 (N.D.Ill.1985). The Seventh Circuit spoke to that issue in *Lee*.

> [A] cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted, and *res judicata* bars the latter action.

*Lee*, 685 F.2d at 2001, *quoting Morris v. Union Oil of California*, 96 Ill.App.3d 148, 157, 51 Ill.Dec. 770, 772, 421 N.E.2d 278, 285 (1981). Despite some disagreement among Illinois Courts (*see Hagee v. City of Evanston*, 729 F.2d 510, 513–14 (C.A.7 1984)), the *Lee* "core of operative facts" test remains the law in this Circuit. *See, e.g., Alexander v. Chicago Park Dist.*, 773 F.2d 850, 854 (C.A.7 1985); *Mandarino v. Pollard*, 718 F.2d 845, 849 (C.A.7 1983). Accordingly, the Court must determine whether "a single core of operative facts" serves as the basis for both Plaintiff's IHRC claim and his § 1983 claim.

At the outset, the Court notes the ALJ applied the three-step analysis generally applicable in Title VII cases (*see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)) to Plaintiff's retaliation claim. *See* Deft's Ex F at 8–9. The three-step Title VII analysis is also applicable to § 1981 claims. *Mason v. Continental Illinois Nat'l Bank*, 704 F.2d 361, 364 (C.A.7 1983). In either case a plaintiff must make out a *prima facie* case (that he 1) is a member of a protected class 2) similarly situated with members of the unprotected class 3) but was treated differently from members of the unprotected class). The burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its action. If the defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to the plaintiff. The plaintiff must prove the defendant's articulation of a legitimate reason was a pretext for its discriminatory action. *Ramsey v. American Air Filter Co., Inc.*, 772 F.2d 1303, 1307 (C.A.7 1985). *Cf. McDonnell Douglas Corp.*, 93 S.Ct. at 1824. The lesson applicable to this lawsuit, of course, is that a § 1981 plaintiff is out of court unless he can rebut a defendant's articulation of a legitimate nondiscriminatory reason with a showing of pretext. Or, put another way, in Plaintiff's claim before the IHRC and in this lawsuit, Plaintiff's burden is to overcome Defendants' articulation of a legitimate non-discriminatory reason for the discharge by showing pretext. When Plaintiff's federal lawsuit is viewed in this light there is little doubt the same facts and evidence support the state and federal claims even though Plaintiff

claimed retaliation before the IHRC and race discrimination in this lawsuit.

At the IHRC hearing Plaintiff argued several reasons why Defendants' articulation of a legitimate nondiscriminatory reason for discharge was pretextual. Plaintiff argued 1) the incident leading to his discharge was a "set-up", 2) the charge that he threatened a supervisor never occurred, 3) Defendants' past conduct showed a history of discriminatory animus toward him, and 4) Plaintiff's discharge for threatening a supervisor marked a departure from Defendants' practice on such matter. *See* Deft's Ex F at 9. The ALJ analyzed each of Plaintiff's arguments and concluded that Plaintiff had not met his burden of showing pretext. *Id.* at 18. The panel of Commissioners agreed and affirmed the ALJ's conclusions. *See* Deft's Ex I at 5. The "core of operative facts" presented by Plaintiff in order to sustain his IHRC claim involve 1) Plaintiff's discriminatory treatment by Defendants during his time of employment and 2) the incident which Defendants say led to Plaintiff's discharge (the threat against a supervisor). The allegations contained in the amended Complaint focus on the same "core facts" as Plaintiff's complaint before the IHRC -Defendants' discriminatory action during Plaintiff's time of employment and the incident leading to Plaintiff's discharge. *See* amended Complt at 3–4, ¶ 12–15. Thus, because the same core of operative facts gives rise to Plaintiff's IHRC claim and his federal claim, this lawsuit is barred by the doctrine of administrative *res judicata*. *See Buckhalter*, 768 F.2d at 853; *see also Mandarino*, 718 F.2d at 849–50.

The Court's conclusion regarding the application of *res judicata* in this lawsuit is buttressed by the similarity in Plaintiff's burden of proof before the IHRC and before this Court. It was Plaintiff's burden before the IHRC and it is his burden before this Court to demonstrate that Defendants' articulation of a legitimate nondiscriminatory reason for his discharge amounted to mere pretext. *See Mason*, 704 F.2d at 365 (burden under § 1981); Deft's Ex F at 6–10 (burden under Illinois Human Rights Act).

Plaintiff's inability to produce facts in opposition to Defendants' motion for summary judgment (*see* Fed.R.Civ.P. 56(c)) which are outside of the core of facts presented to the IHRC indicates that Plaintiff's IHRC cause of action and the cause of action he pursues in this Court are factually coextensive. That observation remains even though Plaintiff presented a different legal theory before the IHRC.

Plaintiff does not attempt to avoid the application of administrative *res judicata* in this lawsuit by distinguishing the core facts involved in his IHRC claim and the core facts involved here. Instead, Plaintiff argues that administrative *res judicata* is inapplicable because the § 1981 claim was never presented to the IHRC. On that theory, Plaintiff contends application of the doctrine here would deny him a full and fair opportunity to litigate his § 1981 claim. As suggested earlier, Plaintiff's argument misunderstands the application of the doctrine of *res judicata*.

The doctrine of *res judicata* offers repose to Defendants from the potentially endless litigation of claims deriving from the same set of core facts. Accordingly, issues which actually were litigated in a prior action and those issues which could have been litigated in a prior action are barred. *Jones v. City of Alton*, 757 F.2d 878, 883 (C.A.7 1985). Elemental fairness requires a plaintiff be provided with one opportunity to litigate his claims in a proceeding which meets the minimum requirements of the due process clause. *Jones*, 757 F.2d at 884. But the doctrine of *res judicata* assures defendants that a plaintiff will receive *only* one such opportunity. Thus, a plaintiff is not denied a full and fair chance to litigate an issue when that issue has already been presented and decided in a prior lawsuit. The same rationale applies when a plaintiff brings a second lawsuit based on a new legal theory but a set of facts already presented in a prior suit. *Alexander v. Chicago Part Dist.*, 773 F.2d 850, 854 (C.A.7 1985). *Cf. Jones*, 757 F.2d at 886–87 (no application of collateral estoppel or *res judicata* when plaintiff

**824**

was prevented from raising claim in prior suit). Thus, Plaintiff's failure to bring a claim based on the theory of racial discrimination before the IHRC does not preclude the application of the doctrine of administrative *res judicata* in this lawsuit.

Plaintiff raises two final contentions which the Court need only briefly address. Plaintiff argues that 1) *Buckhalter* should not be applied retroactively and 2) because the Supreme Court has a case similar to *Buckhalter* before it, this Court should stay its decision. Neither argument has merit. First, none of the elements stated in *Chevron Oil v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971) require *Buckhalter* be applied prospectively only. Contrary to Plaintiff's view the Court does not find *Buckhalter* established a new principle of law by overruling past precedent or deciding an issue of first impression. *See Buckhalter,* 768 F.2d at 849 & n. 4, 850. And the fact that Plaintiff received a full and fair hearing before the IHRC militates against finding satisfaction of the final two *Chevron* factors. *See Unger v. Consolidated Foods Corp.,* 693 F.2d 703, 709–11 (C.A.7 1982) (denying prospective only application of Supreme Court's *Kremer* decision). Finally, *Buckhalter* represents the law of this Circuit and the Court must apply *Buckhalter* until the Supreme Court (or the Seventh Circuit) decides otherwise.

### Conclusion

The doctrine of administrative *res judicata* bars the claims asserted in this lawsuit. Defendants' motion for summary judgment is granted.

IT IS SO ORDERED.