UNITED FOOD & COMMERCIAL WORKERS LOCAL 100–A HEALTH & WELFARE FUND, and United Food & Commercial Workers Local 100–A Pension Fund, Plaintiffs,

v.

CITY FOODS, INC., an Illinois corporation, Defendant.

No. 94 C 978.

United States District Court,
N.D. Illinois,
Eastern Division.

March 3, 1995.

Robert B. Greenberg, Asher, Gittler, Greenfield, Cohen & D'Alba, Chicago, IL, for plaintiffs.

Arnold H. Landis, Law Office of Arnold H. Landis, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Defendant City Foods' ("Defendant") motion to dismiss the complaint. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This action was filed to seek delinquent contribution payments pursuant to a collective bargaining agreement and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* This is the second complaint filed against Defendant. Plaintiffs filed the earlier complaint in September 1990 which sought delinquent payments for the period of January 1, 1988, through December 31, 1989. This court dismissed the 1990 complaint pursuant to Local Rule 21(a) for want of prosecution on November 15, 1993.

The instant complaint was filed February 16, 1994, and involves the same parties as named in the 1990 complaint. The court

dismissed the 1994 complaint for want of prosecution on September 30, 1994. (Doc. # 12.) However, on October 21, 1994, the court vacated the dismissal, thus, reopening the case. (Doc. # 14.) The 1994 complaint contains two counts, yet Defendant only moves to dismiss the first.[1] Count I alleges a contribution deficiency for the period of January 1, 1988, through December 31, 1990. In addition, count I seeks an accounting to determine the correct number of employees for whom Defendant is obliged to pay contributions.

## DISCUSSION

At issue is whether the doctrine of *res judicata* serves to defeat claims in Plaintiffs' 1994 complaint. The parties agree that the contributions sought for the period articulated in the 1990 complaint must be barred. However, the parties disagree as to whether the contributions sought for the periods not mentioned in the 1990 complaint, for instance the period between the filing of the 1990 complaint and its dismissal, should be barred. Defendant argues that since Plaintiffs could have conducted audits and added newfound delinquencies to the 1990 complaint before its dismissal, *res judicata* bars claims for periods prior to the November 15, 1993, dismissal.

Because both complaints were brought in federal court, federal rules of *res judicata* apply. *Barnett v. Stern*, 909 F.2d 973, 977 (7th Cir.1990). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 180 (7th Cir.1994). The purpose of the doctrine of *res judicata*, or "claim preclusion," is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen*, 449 U.S. at 94, 101 S.Ct. at 415. The doctrine of *res judicata* may only be applied if three prerequisites

have been satisfied: (1) an identity of the parties or their privies in both suits; (2) a final judgment on the merits in an earlier action; and (3) an identity of the causes of action in both suits. *Hawxhurst*, 40 F.3d at 180; *EEOC v. Harris Chernin, Inc.*, 767 F.Supp. 919, 922 (N.D.Ill.1991), *rev'd on other grounds*, 10 F.3d 1286 (7th Cir.1993). Here, there is an identity of parties in both suits. Furthermore, a final judgment on the merits was issued for the 1990 complaint given that a dismissal for want of prosecution is considered a dismissal on the merits. *LeBeau v. Taco Bell*, 892 F.2d 605, 607 (7th Cir.1989); Fed.R.Civ.P. 41(b).

The critical issue is whether there is an identity of claims. The test is whether the two causes of action arose out of the same core of operative facts. *Harris Chernin, Inc.*, 767 F.Supp. at 923 (citing *In re Energy Coop.*, 814 F.2d 1226, 1231 (7th Cir. 1987)). " '[T]wo claims are one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations.' " *Colonial Penn Life Ins. v. Hallmark Admin. Ins.*, 31 F.3d 445, 447 (7th Cir.1994) (quoting *Herrmann v. Cencom Cable Assoc., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). However, a defendant's continuing course of conduct, even if related to conduct complained of in the earlier lawsuit, generally creates a separate cause of action. *Green v. Illinois Dept. of Transp.*, 609 F.Supp. 1021, 1024 (N.D.Ill.1985); *see, e.g., Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc.*, 669 F.2d 490, 494 (7th Cir.1982) (holding that continuing violations of antitrust laws create separate causes of action). The *Green* court addressed whether the conduct complained of in a second lawsuit which occurred after the filing of the first suit, but before judgment of the first suit, is barred. In its analysis, the *Green* court considered a treatise: "Perhaps the best rule would be that claims for damages need include only matters arising out injuries inflicted before the commencement of suit...." *Id.* at 1025 (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper *Federal Practice and Procedure* § 4409 at 77 (1981)). The *Green* court concluded

---

1. Because Defendant's motion failed to take issue with count II, the court disregards the argument against count II forwarded in Defendant's Reply Brief.

that *res judicata* did not require that the plaintiff must have amended his first complaint to add claims arising after the initial filing. *Id.* at 1026.

■ In the case *sub judice*, although both complaints are based upon ERISA, the deficiencies alleged in the 1990 complaint are not the same as those alleged in the 1994 complaint. This court agrees with the *Green* court that *res judicata* does not necessitate that Plaintiffs must have amended the 1990 complaint. The 1994 complaint alleges different wrongs.

The circumstances in this case would be analogous to the following hypothetical: a plaintiff and a defendant become involved in a car accident in 1990; plaintiff sues defendant in 1991 for the accident; in 1992, the same two parties become involved in a second car accident; the court dismisses the 1991 suit for want of prosecution in 1993. In that hypothetical the plaintiff would not be able to re-litigate the 1990 accident. However, the fact that plaintiff might have been allowed to amend the complaint to include the 1992 accident, but did not, does not preclude a lawsuit on the 1992 accident. The two car accidents stem from different sets of operative facts.

Similarly, Plaintiff here is suing to recover for the failure to make contributions to the fund over periods different than those alleged in the 1990 complaint. The 1994 complaint alleges that wrongs occurred after the period alleged in the 1990 complaint. The contention that Plaintiffs *could have* amended their 1990 complaint to include additional periods disregards that *res judicata* requires claims arise from the same core of operative facts. Accordingly, Defendant's motion to dismiss is granted only as to the period from January 1, 1988, through December 31, 1989, and denied as to the other periods.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.