96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa SARAUSAD, Plaintiff-Appellant,
v.
UNIVERSITY OF WASHINGTON, Defendant-Appellee.
 No. 95-35930.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1996.
Decided Sep. 10, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the summary judgment in favor of the University on the ground that appellant Sarausad's action is precluded by prior state court litigation.
 
 
 3
 We review de novo the district court's determination that claim and issue preclusion are available. Guild Wineries and Distilleries v. Whitehall Co., Ltd., 853 F.2d 755, 758 (9th Cir.1988). If we determine that issue preclusion is available, we review under an abuse of discretion standard the district court's decision to accord issue preclusive effect to the relevant decision. Plaine v. B.C. McCabe, 797 F.2d 713, 718 (9th Cir.1986).
 
 
 4
 Sarausad concedes that her employment discrimination litigation in state court precludes any federal discrimination claims she may raise regarding the same events. See Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982) (state court determination of state law employment discrimination claim precludes Title VII claim in federal court when state court decision would be preclusive in state's own courts). However, Sarausad argues that her federal claims are based on events that occurred, or continued to occur, after the conclusion of her state court litigation, and therefore are not barred by claim preclusion. The University argues that Sarausad's federal claims are identical to her state claims because they are "claims of continuing violations" which are "no different than the original conduct" addressed in the state court.
 
 
 5
 Sarausad has already litigated the issue of discriminatory intent in state court and such intent is an essential element of her discrimination and retaliatory termination claims. Instead of presenting new facts to show discriminatory intent, Sarausad admits that "some of the evidence [presented to the state court] of her prior treatment may be relevant as a factual predicate for the pattern it may or may not disclose [in federal court]." Appellant's Brief at 13. In addition, Sarausad simply alleges that the present action implicitly raises new issues because it addresses a different time period than the state court action did. However, bald allegations of continuing misconduct are insufficient to raise new issues. See Dual-Deck Video Cassette Recorder Antitrust Litig., 11 F.3d 1460 (9th Cir.1993) (holding allegations of continuing conspiracy precluded under federal preclusion law); Green v. Illinois Dept. of Transp., 609 F.Supp. 1021, 1026-27 (D.C.Ill.1985) (finding plaintiff's claims that his employer continued to harass him were precluded under federal preclusion law because they were "based on a continual course of conduct which occurred before judgment had been entered in a previous suit"). Since the state court has already litigated and determined the issue of discriminatory intent based on the same allegations underlying the present action, Sarausad's claims of continuing discrimination and retaliatory termination are barred.
 
 
 6
 Sarausad claims she has no new evidence of discriminatory intent because she was pro se in the proceedings below and did not, therefore, have sufficient discovery. However, the perils of proceeding pro se cannot serve as a defense to summary judgment.
 
 
 7
 Since we affirm based on the preclusive effect of Sarausad's prior state court litigation, we need not reach the preclusive effect of the PAB proceedings.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3