SCOTT WETZEL SERVICES, Plaintiff-Appellant, v. WALTER J. REGARD, Defendant-Appellee.

First District (4th Division)    No. 1—94—3059

Opinion filed March 30, 1995.—Rehearing denied May 1, 1995.

Roddy, Power, Leahy, Guill, Zima & Gifford, Ltd., of Chicago (John H. Guill and Stephen J. Klyczek, of counsel), for appellant.

Law Offices of Francis J. Discipio, of Chicago (Robin A. Page, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Walter J. Regard, filed a claim with the Illinois Industrial Commission (Commission) under the Workers' Compensation Act (820 ILCS 305/1 et seq. (West 1992)) (the Act), seeking benefits for injuries he allegedly sustained on March 20, 1991, while working for Cassens Auto Transport (Cassens). When Cassens failed to pay medical expenses and temporary total disability (TTD) benefits, the defendant filed a petition before the Commission pursuant to section 19(b) of the Act (820 ILCS 305/19(b) (West 1992)). A Commission arbitrator found that the defendant was temporarily totally disabled as a result of his work-related injury and awarded him, among other relief, $37^5/_7$ weeks of TTD benefits. As a result of the arbitrator's award, the plaintiff, Scott Wetzel Services, Cassens'

workers' compensation insurance carrier, paid the defendant $21,639.65 for TTD benefits. Cassens, however, sought a review of the arbitrator's award with the Commission. On March 4, 1994, pursuant to Cassens' petition for review, the Commission modified the arbitrator's award finding that the defendant was only entitled to $1^6/_7$ weeks of TTD benefits or $841.83. On March 21, 1994, pursuant to section 19(f) of the Act (820 ILCS 305/19(f) (West 1992)), the defendant filed a timely appeal from the Commission's decision in the circuit court for the Sixteenth Judicial Circuit. That action remains pending and undetermined.

On May 31, 1994, the plaintiff filed the instant action in the circuit court of Cook County premised on a theory of unjust enrichment and seeking to recover $20,797.82 for TTD benefits it paid to the defendant in excess of the amount to which he was entitled as determined by the Commission. The defendant moved to dismiss the plaintiff's complaint and also sought sanctions against the plaintiff pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). On August 10, 1994, the trial court dismissed the instant action with prejudice to the plaintiff's right to refile and denied the defendant's motion for sanctions. The plaintiff has appealed the dismissal of its action, and the defendant challenges the denial of his motion for sanctions.

■ The defendant's motion which resulted in the dismissal of this action was entitled "Motion To Dismiss For Failure To State A Cause Of Action" and purported to have been brought pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). Section 2—615 motions addressed to the legal sufficiency of a complaint raise but a single issue: whether, when taken as true, the facts alleged in the complaint set forth a good and sufficient cause of action. When judged by that standard, there is no doubt that the plaintiff's complaint states a cause of action. (See *Illinois Graphics Co. v. Nickum* (1994), 159 Ill. 2d 469, 639 N.E.2d 1282.) Further, nothing in the defendant's motion even addresses the question of whether the plaintiff's complaint states a good and sufficient cause of action for unjust enrichment.

Instead, the defendant attached exhibits to his motion and alleged facts which were *dehors* the face of the plaintiff's complaint, all in support of the propositions that the trial court lacked subject-matter jurisdiction and that the plaintiff's action was premature because the defendant's appeal was pending from the Commission's decision regarding the extent of his entitlement to TTD benefits. Defenses such as these are not available under section 2—615, nor may section 2—615 motions be supported by reference to any facts or exhibits that are not alleged in or attached to the complaint under

attack. *Gilmore v. Stanmar, Inc.* (1994), 261 Ill. App. 3d 651, 633 N.E.2d 985; *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 439 N.E.2d 60.

Motions to dismiss based upon a court's lack of subject-matter jurisdiction (735 ILCS 5/2—619(a)(1) (West 1992)), or the premature nature of an action (*Schwanke, Schwanke & Associates v. Martin* (1992), 241 Ill. App. 3d 738, 609 N.E.2d 654), are properly brought pursuant to section 2—619 of the Code of Civil Procedure, not section 2—615. Meticulous practice dictates that motions should be properly designated. However, misdesignation is not always fatal to the right of the movant to prevail. (*Becker v. Cold* (1993), 249 Ill. App. 3d 857, 619 N.E.2d 765.) The court will look to the substance of the motion to determine which section of the Code of Civil Procedure governs. (*Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 444 N.E.2d 253.) Reversal by reason of misdesignation is only required where the nonmovant has been prejudiced by the error (*Becker*, 240 Ill. App. 3d at 857), and we find no prejudice to the plaintiff in this case. It is clear from the record on appeal that both the trial court and the plaintiff understood the defendant's position and the parties addressed the motion on its merits. Nothing would be served by remanding this case for reconsideration of matters which were briefed and argued by the parties below. *Schwanke*, 241 Ill. App. 3d at 744.

■ Addressing the propriety of the dismissal of the plaintiff's action, we note that to recover under the theory pled, the plaintiff will be required to prove that the defendant received sums in payment for TTD benefits to which he was not entitled. But only the Commission, subject to very limited judicial review as provided in section 19(f) of the Act, is empowered to determine a person's entitlement to TTD benefits under the Act. (See *Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142, 601 N.E.2d 720.) Although in this case the Commission has made such a determination, that decision is the subject of a timely judicial review which is pending and undetermined. By its terms, the Act provides that the decision of the Commission is conclusive unless it is judicially reviewed as provided in section 19(f). (820 ILCS 305/19(f) (West 1992).) Until the extent of the defendant's entitlement to TTD benefits under the Act has been finally determined, the plaintiff's action for unjust enrichment cannot be resolved in a common law action before the circuit court. The role of the circuit court in matters involving the right to benefits under the Act is appellate only, limited by the provisions of section 19(f); the circuit court has no original jurisdiction over proceedings wherein benefits under the Act are determined. (*Hartlein*, 151 Ill. 2d at 142.) It is only

within the context of a judicial review as provided in section 19(f) that the circuit court has jurisdiction to determine the propriety of the Commission's finding that the defendant was only entitled to $1^6/_7$ weeks of TTD benefits. (See *McCormick v. McDougal-Hartmann Co.* (1970), 47 Ill. 2d 340, 265 N.E.2d 610.) If the plaintiff were allowed to proceed with this action prior to the final resolution of the defendant's judicial review of the Commission's finding, the extent of the defendant's entitlement to TTD benefits would be judicially determined outside of the statutory scheme set forth in the Act. Until the judicial review of the Commission's finding is concluded, the defendant's entitlement to TTD benefits will not be fully and finally determined. Therefore, the instant action is premature as it is incapable of judicial determination at this point in time and the circuit court was correct in ordering its dismissal.

We believe, however, that the circuit court erred in dismissing this action with prejudice to the plaintiff's right to refile. Under Supreme Court Rule 273 (134 Ill. 2d R. 273), a dismissal with prejudice is deemed to be on the merits of the plaintiff's claim and as conclusive of the rights of the parties as if the matter had been tried and resolved by a final judgment adverse to the plaintiff. (*Morris v. Union Oil Co.* (1981), 96 Ill. App. 3d 148, 421 N.E.2d 278.) Nothing in this record suggests that the merits of the plaintiff's claim were addressed, much less adjudicated. The trial court simply determined, as we have, that this action was premature pending a resolution of the defendant's judicial review of the Commission's finding. The fact that the plaintiff's action may be premature at this time does not mean that the plaintiff will never be able to prosecute an action against the defendant under the theory pled in this case or that it should be precluded from doing so at some future date. Consequently, in the exercise of our power under Supreme Court Rule 366 (134 Ill. 2d R. 366), we modify the order of the trial court to provide that the dismissal of this action is not on the merits of the plaintiff's claim and is without prejudice to the plaintiff's right to refile its action at such time as the extent of the defendant's entitlement to TTD benefits has been fully and finally determined under the Act.

■ In his brief on appeal, the defendant challenges the propriety of the trial court's denial of his petition for sanctions under Rule 137. The grant or denial of a petition for sanctions is a matter within the sound discretion of the trial court. (*Laurence v. Flashner Medical Partnership* (1990), 206 Ill. App. 3d 777, 565 N.E.2d 146.) We find no abuse of discretion in this case. The theory under which the plaintiff sought relief against the defendant is well recognized (*Illinois Graphics Co*, 159 Ill. 2d at 492), and the issue of when such an action is ripe

for judicial determination under the circumstances presented in this case is one of first impression.

Affirmed as modified.

THEIS and S. O'BRIEN, JJ., concur.