JAY ZABEL, Plaintiff-Appellant and Cross-Appellee, v. MARTIN COHN *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)    No. 1—94—1189

Opinion filed September 27, 1996.

Thomas M. Paris, of Chicago, for appellant.

Law Offices of Mark D. Wetterquist, of Chicago (Mark D. Wetterquist, of counsel), for appellees.

JUSTICE GORDON delivered the opinion of the court:

Plaintiff, Jay Zabel, instituted the instant action against defendants, Martin Cohn and Martin Cohn and Associates, Ltd., seeking to recover monies due him as a past employee of the Cohn law firm. Pursuant to the defendants' motions, the trial court dismissed counts I, II and III of plaintiff's complaint on *res judicata* grounds and granted summary judgment on count IV. The plaintiff appeals the dismissal of his complaint and the denial of his motion to reconsider; and the defendants cross-appeal from the trial court's denial of their motion for sanctions.

The issues raised in this appeal are whether plaintiff's complaint was properly dismissed based upon *res judicata* principles and whether the trial court erred in denying defendants' motion for sanctions.

The facts relative to the dismissal of the plaintiff's complaint are as follows. In 1987, Zabel and Cohn began practicing law together under the name of Martin Cohn and Associates, Ltd. In December 1990, Zabel left the Cohn law firm and shortly thereafter filed a four-count complaint against Martin Cohn and Martin Cohn and Associates, Ltd., seeking damages for tortious interference with business relations, libel and slander. A fourth count, which is the count relevant to the instant appeal, alleged the existence of a *de facto* corporation and sought the appointment of a receiver, distribution of the assets and recovery of client files. As to that count, the defendants denied the existence of a partnership and argued that Zabel was an employee. Thereafter, the parties agreed to have "all matters in controversy" resolved by binding arbitration before former judge Robert L. Sklodowski. The trial judge, Judge Monica Reynolds, retained jurisdiction solely for the purpose of entering judgment on the arbitrator's decision and award.

On February 28, 1992, after hearing evidence and reviewing the submissions of the parties, Sklodowski rendered a decision and award in favor of the Cohn defendants finding, *inter alia*, that a partnership did not exist between Cohn and Zabel and that Zabel was an employee of Martin Cohn and Associates, Ltd. The arbitrator specifically found:

"(1) [T]here is no probative written documentation to indicate that these experienced attorneys agreed to carry on the business

of a law relationship; (2) corporate tax returns were filed for the Firm for the years 1987, 1988 and 1989, showing Mr. Cohn as the sole shareholder of the Firm; *** [and] (7) Zabel received a W-2 form for the full amount of his salary."

The arbitrator also found:

"[T]he evidence does not show that profits were split here. Zabel received additional income every year, but it is clear that what he received was compensation or wages in the form of a bonus."

The arbitrator determined that Zabel was not entitled to any assets of Martin Cohn & Associates, Ltd. He also determined that Zabel and Cohn were to share equally in any net fee collected on one pending personal injury case.

On March 6, 1992, Zabel requested that Sklodowski issue a supplemental decision and award regarding certain wages and other items he alleged were due him as a result of the arbitrator's ruling that he was an employee. Those items were: $2,500 that Zabel alleged he advanced for the defense of a case being handled by the Cohn law firm; $5,500 in salary due Zabel for the month of December 1986 (Zabel had earlier alleged this amount to be a capital contribution to the partnership); and the return of certain documents that Zabel had prepared while at the Cohn firm. The Cohn defendants filed a response. On March 20, 1992, Sklodowski entered a supplemental decision and award that stated, *inter alia*:

"On March 6, 1992 the plaintiff's attorney requested a supplemental decision on four issues that were not addressed in my initial decision.

[T]he items now at issue were never really addressed by the parties. The main arguments proffered by the parties focused on whether or not Cohn and Zabel were partners and if so, what was the value of the partnership's assets. I find no mention in the plaintiff's initial memoranda concerning any of the four items now in issue. Nevertheless, in order to once and for all conclude this dispute and bring finality to this case, I am rendering a supplemental decision. Upon review of the memoranda as well as my notes on the exhibits, I make the following findings.

\* \* \*

B. The second issue concerns a claim for wages for the month of December, 1986, over five years ago. Mr. Cohn has denied any liability for additional salary to Mr. Zabel. I find there is no obligation to pay compensation in the form of salary to Mr. Zabel for the month of December, 1986."

The arbitrator also denied Zabel's request for reimbursement of the $2,500 that Zabel alleged he advanced on a case the Cohn firm was

defending, finding that the advance was "voluntarily made by [Zabel] as an individual undertaking with [the client]," and denied Zabel's request for documentation, finding that the program involved was an asset of the Cohn law firm.

On April 1, 1992, Zabel filed a wage claim with the Illinois Department of Labor seeking to recover wages allegedly owed him by Martin Cohn and Martin Cohn & Associates, Ltd. See 820 ILCS 115/1 *et seq.* (West 1992). The claim sought the recovery of "deferred salary" payments for the years of 1987 and 1988 totalling $37,726 and $22,726 (rounded to the nearest dollar), respectively, and a "bonus" payment totalling $136,691 for the year of 1990.

On July 15, 1992, pursuant to an agreed order, Judge Reynolds entered judgment on the arbitrator's decision and award and supplemental decision and award.[1] That order provided, however:

> "[I]t is ordered that the finding in paragraph B of the Supplemental Award shall not bind the Illinois Department of Labor in the Wage Claim proceedings initiated by Mr. Zabel and now pending."

On January 4, 1993, the Department of Labor dismissed Zabel's wage claim, finding that the claim had not been timely filed and because the claim "was subject to mandatory, binding arbitration." The Department advised Zabel that its decision did "not preclude [Zabel] from seeking any other remedy available at law." On April 28, 1993, the Department denied Zabel's request for review or reconsideration.

On June 10, 1993, Zabel filed a second complaint against the Cohn defendants. That complaint, which is the subject of the instant proceedings, alleged termination of an employment relationship that existed between 1987 and 1990. Count I of the complaint sought recovery of the reasonable value of Zabel's services during the years of 1987 through 1990 in the amounts of $103,715; $65,650; $53,714; and $53,880 (rounded to the nearest dollar), respectively, based upon the theory of *quantum meruit*; and counts II and III sought recovery of unpaid profits during the years of 1987 through 1990 totalling $192,634 based upon theories of breach of contract (count II) and unjust enrichment (count III). Zabel subsequently amended that complaint adding a fourth count, which sought administrative review of the Department of Labor's dismissal of his wage claim. As noted

---

[1]According to the agreed order, the plaintiff had filed a petition to vacate the supplemental award. While the appellees discuss the contents of that petition in their statement of facts, a copy of the petition was not included in the record on appeal and, as such, we will make no further reference to that document.

above, the trial court dismissed counts I, II, and III based upon *res judicata* grounds and granted summary judgment in favor of the Cohn defendants on count IV. The trial court also denied Zabel's motion to reconsider.

## I. Plaintiff's Appeal—*Res Judicata* Dismissal[2]

On appeal, the plaintiff makes two arguments relative to the dismissal of his amended complaint based upon *res judicata* principles. The plaintiff argues that *res judicata* principles do not apply because the second action seeks wages and remuneration based upon an alleged employment relationship whereas the prior litigation sought recovery based upon the existence of a *de facto* partnership relationship. He also argues that *res judicata* principles do not apply to his second action because the judgment in the prior action specifically excepted his wage claim.

■ The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225 (1993). As stated in *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 312, 597 N.E.2d 616, 621 (1992):

> "To determine whether causes of action are the same for *res judicata* purposes, Illinois courts have adopted two tests. [Citations.] The first is called the 'same evidence' test. Under that test, *res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions. [Citations.] The second test is the 'transactional' approach, which considers whether both suits arise from the same transaction, incident, or factual situation. The transactional approach provides that ' "the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief." ' [Citations.]"

Where there is identity of parties, subject matter and cause of action, the doctrine of *res judicata* extends not only to every matter that was

---

[2]In a motion taken with the case, the plaintiff moved to strike the cross-appellants' reply brief and argument therein regarding the *res judicata* issue, which was the subject of the direct appeal and not the cross-appeal. The plaintiff is correct that the cross-appellants' reply brief should be limited to responding to arguments raised in the cross-appeal. See 155 Ill. 2d R. 341(g) ("[t]he reply brief, if any, shall be confined strictly to replying to arguments presented in the brief of the appellee"). To the extent that cross-appellants' reply brief contained impermissible argument concerning the issues raised in the direct appeal, it is stricken.

actually determined in the prior suit but to every other matter that might have been raised and determined in it. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225; *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 653 N.E.2d 825 (1995). The burden of establishing *res judicata* is upon the party invoking it. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225; *Agriserve, Inc. v. Belden*, 268 Ill. App. 3d 828, 643 N.E.2d 1193 (1994).

■ Our review of the pleadings and submissions of the parties, which is *de novo*, requires a conclusion that the instant lawsuit is barred under the "transactional" *res judicata* approach. See, *e.g.*, *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 619 N.E.2d 732 (1993); *Spillyards v. Abboud*, 278 Ill. App. 3d 663, 662 N.E.2d 1358 (1996) (appellate review of involuntary dismissal order pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)) is *de novo*). Both lawsuits filed by the plaintiff against the same two defendants arise from the same transaction, incident, or factual situation, the work relationship that existed between the parties during the years 1987 through 1990. The first lawsuit alleged a right to recovery based upon the existence of a partnership relationship whereas the latter lawsuit alleged a right to recovery based upon an employer/employee relationship. Basically, the lawsuits assert different theories of recovery but request relief for what is in effect the same injury, insufficient remuneration. As the assertion of different theories still constitutes a single cause of action, *res judicata* extends to bar the subsequent action. *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225; *Rodgers v. St. Mary's Hospital*, 149 Ill. 2d 302, 597 N.E.2d 616; *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 653 N.E.2d 825.

On appeal, the plaintiff does not dispute the conclusion that the same transaction or factual situation is involved in both of his lawsuits. Instead, in reliance on *Torcasso v. Standard Outdoor Sales, Inc.*, the plaintiff argues that the Illinois Supreme Court has "signaled its reluctance" to follow the "transactional" test for *res judicata*. The plaintiff further argues that, under the "same evidence" test applied in *Torcasso*, his second lawsuit should not have been barred because the evidence needed to sustain the partnership theory in his first lawsuit differs from the evidence needed to sustain theories of breach of employment contract, *quantum meruit* and unjust enrichment presented in his second lawsuit.

In *Torcasso*, the prior lawsuit, brought by Standard Outdoor Sales, Inc. (Standard), the defendant in the subsequent lawsuit, sought recovery of a commission due under the terms of a brokerage contract Standard had with Torcasso, the plaintiff in the latter

lawsuit. The evidence in the prior lawsuit showed that Standard had obtained a lessee for Torcasso's property for the period beginning October 1985, and judgment was entered in favor of Standard. In the subsequent lawsuit, brought by Torcasso against Standard, Torcasso alleged that Standard had breached the brokerage contract by failing to procure a lessee for the period of July 1984 through March 1985 and that Standard had made fraudulent misrepresentations to Torcasso during the month of June 1984. The trial and appellate courts found that Torcasso's subsequent lawsuit was barred on the basis of *res judicata*. The supreme court reversed, finding that while some facts overlapped between the two lawsuits, namely, proof of the brokerage agreement, the evidence required to sustain each of the lawsuits was substantially different. According to the court, the July 1985 lease essential to maintain Standard's claim was irrelevant to either of Torcasso's claims, and Torcasso's affirmative defense in the prior lawsuit, that the parties had terminated the brokerage agreement on or about October 1984, had no inherent nexus to the claims Toracasso presented in the subsequent lawsuit.

In *Torcasso*, the supreme court applied the "same evidence" test because that was the only test relevant to the facts of that case. Although not discussed in *Torcasso*, the "transactional" test was not applicable because the two lawsuits involved different incidents and factual situations. The first lawsuit involved the broker's right to a commission for having leased the owner's property for the period beginning October 1985. The second lawsuit involved the owner's right to recover for the broker's failure to procure a lessee for the period of July 1984 to March 1985 and for the broker's fraudulent representation in June 1984 that it had obtained a lessee. Although the same brokerage agreement applied in both actions, the transactions and time periods were different. All other facts required to prove the first cause of action had no applicability to the proofs necessary for the second cause of action.

■ Contrary to plaintiff's assertions, the *Torcasso* court did not indicate any "reluctance" toward applying the "transactional" test for *res judicata*. In fact, the court implicitly acknowledged that test as indicated in the following passage from *Torcasso*:

> "Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds of theories of relief arising out of a single group of operative facts constitute but a single cause of action. [Citation.]" *Torcasso*, 157 Ill. 2d at 490-91, 626 N.E.2d at 228.

See generally Restatement (Second) of Judgments § 24 (1982) (discuss-

ing transactional approach to *res judicata*). This identical language was used by the supreme court to explain the "transactional" test in its earlier opinion in *Rodgers v. St. Mary's Hospital*, quoted above. Although the *Torcasso* court did not use the phrase "transactional test" in its opinion, it can hardly be said that the court abandoned that test since it acknowledged in that decision that a party is barred by the doctrine of *res judicata* from asserting different theories of relief in several actions when those theories arise from the same transaction or single group of operative facts. Thus, the transactional or "single core of operative facts" test remains viable in Illinois. See, *e.g.*, *Schnitzer v. O'Connor*, 274 Ill. App. 3d 314, 653 N.E.2d 825; *Agriserve, Inc. v. Belden*, 268 Ill. App. 3d 828, 643 N.E.2d 1193.

■ Moreover, notwithstanding our determination that plaintiff's second lawsuit is barred under the "transational" test for *res judicata*, it would appear that even under the "same evidence" test applied in *Torcasso* plaintiff's subsequent lawsuit would be barred. Strong argument can be made that under the "same evidence" test, if evidence required to prove the subsequent action was necessary to prove the plaintiff's case or the defendant's defense in the earlier action, the subsequent action is barred. *Cf. Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225 (record fails to establish that evidence relevant to subsequent action had any relevance to earlier action including that of proving affirmative defense in earlier action). Here, while evidence of an employment relationship was irrelevant to Zabel's partnership theory of recovery in his first lawsuit, evidence of that employment relationship was nevertheless relevant in the earlier action because it proved the Cohn defendants' defense and disproved Zabel's case. Moreover, in the earlier proceeding, once the arbitrator issued its decision and award finding that Zabel was an employee and not a partner, Zabel submitted correspondence to the arbitrator and sought the entry of a supplemental decision regarding some of his rights to remuneration as an employee, and the arbitrator made supplemental findings regarding Zabel's subsequent submissions. Thus, evidence of plaintiff's status as an employee and of his entitlement to compensation as an employee was relevant to both lawsuits filed by the plaintiff. In any event, however, for the reasons stated above, there is no question that plaintiff's second lawsuit was barred by the "transactional" test for *res judicata*.

■ The plaintiff next argues that the doctrine of *res judicata* does not apply in the case at bar because the judgment in the prior action specifically excepted his wage claim. In support, the plaintiff cites to the agreed order entered by the trial judge in the prior action which entered judgment on the arbitrator's decision and award and supplemental decision and award but which also stated:

"[I]t is ordered that the finding in paragraph B of the Supplemental Award shall not bind the Illinois Department of Labor in the Wage Claim proceedings initiated by Mr. Zabel and now pending."

We disagree with plaintiff's contention. The Department of Labor has no binding adjudicatory power and can only investigate wage claims and "attempt equitably to adjust controversies between employees and employers." 820 ILCS 115/11(a) (West 1992). Actual liability, if contested, must be determined by the trial court on a *de novo* basis, and the employee, as the plaintiff, has the burden of proving that liability anew. *Miller v. J.M. Jones Co.*, 198 Ill. App. 3d 151, 555 N.E.2d 820 (1990); see *Rekhi v. Wildwood Enterprises, Inc.*, 219 Ill. App. 3d 312, 579 N.E.2d 1189 (1991) (Department of Labor proceedings are not judicial in nature and have no preclusive effect in subsequent civil or criminal litigation). While we recognize that the inclusion of the deferential language to the Department of Labor proceedings in the agreed order entered in Zabel's earlier lawsuit may have been the product of misapprehension by the parties as to the role of the Department of Labor in the processing of wage claims, the Department's function nonetheless remains only investigatory. Since the Department has limited functioning in the resolution of wage claims, the deferential language in the agreed order does nothing more than permit continuance of the Department's investigatory function but does not purport to permit any adjudicatory procedures to carry forward. In fact, the Department of Labor, aware that it lacked adjudicatory powers, subsequently declined to investigate Zabel's wage claims because they were untimely filed and because they were the subject of binding arbitration. Thus, the excepting language in the agreed order, while purporting to defer to the Department of Labor's investigatory powers, does not purport to broadly give Zabel a second opportunity to adjudicate his claims against the Cohn defendants in a court of law.

By the same token, strong argument can be made that even if the Department had adjudicatory functions as well, to the extent that it chose to terminate the proceedings pursuant to its own internal policies, the deference extended to those proceedings under the agreed order was fully satisfied. In that sense, it can be argued that the agreed order did not purport to eliminate the defense of *res judicata* in its entirety but only to the extent that it would preclude the proceedings with the Department of Labor. Upon the termination of those proceedings, the impact of the *res judicata* doctrine resumes.

Here, as previously discussed, the plaintiff, by filing his first com-

plaint, chose to litigate his entitlement to remuneration based upon his work relationship with the defendants. The plaintiff sought that remuneration based upon an alleged partnership relationship and chose not to alternatively plead the existence of an employer-employee relationship, even though the same single group of operative facts was relevant to both theories. Notwithstanding plaintiff's failure to alternatively plead, after the arbitrator found the existence of an employer-employee relationship, the plaintiff submitted additional issues to the arbitrator, based upon the finding of an employment relationship, including a wage claim for the month of December 1986. The arbitrator ruled on those issues in a supplemental decision and award.

Plaintiff's subsequent lawsuit, which is the subject of the instant appeal, is nothing more than another attempt at recovery for alleged unpaid salaries and bonuses not sought in the previous lawsuit but which are based upon the same work relationship that was the subject of the prior lawsuit. Where there is identity of parties, subject matter, and cause of action, and where that cause of action arises out of a single group of operative facts that can give rise to the assertion of more than one theory of recovery, the doctrine of *res judicata* extends to bar every matter that was actually determined in the prior suit and to every matter that might have been raised and determined. *E.g.*, *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 626 N.E.2d 225; *Agriserve, Inc. v. Belden*, 268 Ill. App. 3d 828, 643 N.E.2d 1193. As stated in *Agriserve, Inc. v. Belden*:

> " 'The law affords every man his day in court along with the opportunity to present his case on the issues involved; and it requires that he bring forth all grounds of recovery or defense which he may then have. "It is of first importance both in the observance of private rights and the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive upon the parties, subject only to proceedings in a court of review." *Winkelman v. Winkelman*, 310 Ill[.] 568, 573, 142 N[.]E[.] 173 [,175] (1924).' *Pratt [v. Baker]*, 79 Ill. App. 2d [479], 484-85, 223 N.E.2d [865,] 868 [(1967)]." *Agriserve, Inc.*, 268 Ill. App. 3d at 837, 643 N.E.2d at 1199.

## II. Defendants' Cross-Appeal—Motion for Sanctions

On November 12, 1993, one month after the trial court denied plaintiff's motion to reconsider the *res judicata* dismissal order, the defendants filed a motion for sanctions against the plaintiff and plaintiff's counsel. The defendants alleged in their motion that the plaintiff had filed "a number of meritless claims against Cohn"; "filed baseless motions to reconsider and/or objections to each ruling in

favor of Cohn"; that "the intent of plaintiff [was] to harass Cohn"; and that the plaintiff, through his attorney, was "instrumental in persuading Cohn's former clients to file A.R.D.C. complaints against Cohn, none of which have been well founded." At the hearing on the motion for sanctions, the trial court indicated a reluctance to impose sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The court also indicated that, if there was a basis for the plaintiff's actions, sanctions would not be warranted even "if somebody is trying to harass somebody." After taking the matter under advisement, the trial court issued its order denying defendants' motion for sanctions.

■ Supreme Court Rule 137 authorizes the court to impose sanctions upon a party and/or his attorney for filing a pleading, motion or other paper that is not well grounded in fact and warranted by existing law or which has been interposed for an improper purpose such as to harass or cause unnecessary delay or needless increase in the cost of litigation. 134 Ill. 2d R. 137; *In re Marriage of Adler*, 271 Ill. App. 3d 469, 648 N.E.2d 953 (1995); *Bulatovic v. Dobritchanin*, 252 Ill. App. 3d 122, 625 N.E.2d 26 (1993). The purpose of this rule is not to penalize litigants merely because they were unsuccessful in the litigation. *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 628 N.E.2d 426 (1993). The party requesting sanctions is obligated to show that the opposing party made assertions of fact that were untrue and were made without reasonable cause. *In re Estate of Hoover*, 155 Ill. 2d 402, 615 N.E.2d 736 (1993). The determination to grant or deny a motion for sanctions is within the discretion of the trial court, whose decision is entitled to great weight and will not be disturbed on review unless there has been an abuse of that discretion. *E.g., Scott Wetzel Services v. Regard*, 271 Ill. App. 3d 478, 648 N.E.2d 1020 (1995); *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 628 N.E.2d 426.

In support of their argument that the trial court erred in denying the motion for sanctions, the defendants cite two cases, *Singer v. Brookman*, 217 Ill. App. 3d 870, 578 N.E.2d 1 (1991), and *Mentzer v. Dudley*, 236 Ill. App. 3d 726, 602 N.E.2d 934 (1992), wherein the trial courts awarded sanctions. In *Singer*, the trial court imposed sanctions because the plaintiffs sought to retry issues in litigation against their mother that they knew had previously been raised by their father through representation by the same counsel despite being warned by the trial judge in the earlier action that the subsequent action might be barred by *res judicata*. The trial court found that the only conceivable basis for the subsequent action was to waste the

court's time, generate legal fees, and harass the defendant. Similarly, in *Mentzer*, the trial court imposed sanctions against the plaintiff who presented no testimony or evidence to support the theory of liability alleged in his complaint. The court found that the plaintiff had acted solely for the purpose of harassing the defendant as evidenced by several undisputed acts of maliciousness.

■ The cases cited by the defendants are distinguishable from the case at bar because in those cases the trial courts granted the motions for sanctions and those rulings were affirmed on appeal. Here, the trial court denied the motion for sanctions. As noted above, great deference is given to the trial court's ruling on a motion for sanctions and that ruling will not be reversed on appeal absent an abuse of discretion. Based upon our review of the record, we find no such abuse. It is evident from the record that both parties and their counsel were litigious in their filings of motions, responses, objections and replies. That the plaintiff was unsuccessful in defending against defendants' motion to dismiss on *res judicata* grounds and in presenting various motions is not grounds for the imposition of sanctions. See *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 628 N.E.2d 426 (the purpose of Rule 137 is not to penalize litigants merely because they were unsuccessful). The party requesting sanctions is obligated to show that the plaintiff's cause of action was frivolous. See *Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.*, 256 Ill. App. 3d 1002, 628 N.E.2d 426. The trial court was presented with plaintiff's theory and the facts to support that theory. The court, by denying the motion for sanctions, determined that plaintiff's second lawsuit was not baseless or presented in bad faith. Notwithstanding defendants' argument to the contrary, the *res judicata* issue was not free from doubt. A reasonable question existed as to the effect of the earlier judgment, which, as discussed above, excluded, *albeit* erroneously, plaintiff's wage claim pending before the Department of Labor. We also cannot say that the plaintiff was motivated solely for the purpose of harassing the defendants. Thus, the trial court's denial of defendants' motion for sanctions was not an abuse of discretion. See *Mendelson v. Ben A. Borenstein & Co.*, 240 Ill. App. 3d 605, 608 N.E.2d 187 (1992) (affirming trial court's denial of sanctions where plaintiff's theory of recovery unsupported by law or facts).

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNULTY, P.J., and HOURIHANE, J., concur.