THIRD DIVISION
 April 30, 1997

No. 1-96-0016

D'LAST CORPORATION, f.k.a. D'Last )
Studio Photography, Inc., )
 )
 Plaintiff-Appellant, ) APPEAL FROM THE CIRCUIT
 ) COURT OF COOK COUNTY.
 v. )
 )
AVERY A. UGENT; THE BRADLEY ADAM )
CORPORATION; AMERICAN- ) HONORABLE PADDY H.
INTERNATIONAL IMMIGRATION AGENCY, ) McNAMARA, JUDGE
INC.; and PAN AMERICAN ) PRESIDING.
PHOTOGRAPHIC SUPPLY CORPORATION; )
 )
 Defendants-Appellees. )

 JUSTICE GORDON delivered the opinion of the court:

 D'Last Corporation, the plaintiff, appeals from the
dismissal of its complaint pursuant to section 13-217 of the
Illinois Code of Civil Procedure (735 ILCS 5/13-217 (West 1994))
which permits a single refiling of an action.
 The facts relevant to disposition of this case show that the
plaintiff first filed a complaint for injunctive and other relief
on January 15, 1992 in the chancery division of the circuit court
of Cook County. In that action, the plaintiff alleged tortious
conduct by the defendants against plaintiff's passport
photography business that commenced in July 1991 and continued
through the date of the complaint. Count I sought temporary and
permanent injunctions based upon defendants' interference with
plaintiff's business, and counts II and III sought compensatory
and punitive damages based upon defendants' slander of
plaintiff's business and intentional interference with
plaintiff's contractual relationships. On September 2, 1992,
plaintiff filed an amended complaint changing the named
defendants and adding claims for trespass, public and private
nuisance, unfair competition, deceptive trade practices, and
conspiracy. On March 4, 1993, after plaintiff's request for
injunctive relief was mooted by the cessation of wrongful conduct
by the defendants, the chancery court transferred plaintiff's
case to the law division for litigation of plaintiff's tort and
statutory claims. On January 31, 1994, plaintiff's amended
complaint was dismissed for want of prosecution; but, pursuant to
plaintiff's motion to vacate that dismissal, the cause was
voluntarily dismissed by the plaintiff on March 10, 1994.
 On February 18, 1994, D'Last filed a complaint in the United
States District Court for the Northern District of Illinois. 
That complaint, filed against many of the defendants named in the
earlier action, alleged acts of harassment and tortious and
criminal conduct, including solicitation to murder and extortion,
during the period of July 1991 through November 1992 and pled
theories of trade slander, intentional interference with contract
and prospective contract, consumer fraud, antitrust violations
(see 15 U.S.C. 1 et seq. (Sherman Antitrust Act)) and RICO
violations (see 18 U.S.C. 1961 et seq. (Racketeer Influenced and
Corrupt Organizations Act)). On September 19, 1994, the federal
court dismissed the RICO and antitrust counts for failure to
state claims upon which relief could be granted; and, refusing to
exercise supplemental jurisdiction, dismissed the state law
counts without prejudice (see 28 U.S.C. 1367). The plaintiff
appealed the dismissal of the RICO count. That dismissal was
affirmed by the Seventh Circuit Court of Appeals on April 5,
1995.
 On March 8, 1995, D'Last filed the action which is the
subject of the instant appeal. The defendants named in that
action were named as defendants in the earlier state and federal
actions. The complaint alleged various acts of wrongdoing by the
defendants and their employees during the period of August 1991
through November 1992. It sounded in nuisance (counts I, II,
III); trade slander and libel (counts IV, V, VI); consumer fraud
and deceptive trade practices (counts VII, VIII); and tortious
interference with contract and potential contract (counts IX, X,
XI, XII). On April 17, 1995, the defendants moved to dismiss the
complaint on the grounds that it was barred by section 13-217 of
the Code of Civil Procedure (the Code) (735 ILCS 5/13-217 (West
1994)); and the trial court dismissed the complaint with respect
to "all causes of action which were raised or could have been
raised in the 1992 cause of action between the parties." (R.C.
208) On July 24, 1995, D'Last filed an amended 24-count
complaint repleading the 12 counts previously dismissed. In
those counts, however, D'Last limited the alleged wrongful
conduct of the defendants to acts that occurred during the period
of August 1991 to September 2, 1992. The latter 12 counts, which
set forth identical theories of recovery, were premised upon
defendants' wrongful conduct that allegedly occurred during the
period of September 2, 1992 to November 1992. On November 29,
1995, that amended complaint was dismissed without leave to amend
pursuant to section 13-217 of the Code.
 Section 13-217 of the Code of Civil Procedure provides in
pertinent part:
 "In the actions specified in Article XIII of this Act
 or any other act or contract where the time for
 commencing an action is limited, if *** the action is
 voluntarily dismissed by the plaintiff, or the action
 is dismissed for want of prosecution, or the action is
 dismissed by a United States District Court for lack of
 jurisdiction, or the action is dismissed by a United
 States District Court for improper venue, then, whether
 or not the time limitation for bringing such action
 expires during the pendency of such action, the
 plaintiff, *** may commence a new action within one
 year or within the remaining period of limitation,
 whichever is greater, after *** the action is
 voluntarily dismissed by the plaintiff, or the action
 is dismissed for want of prosecution, or the action is
 dismissed by a United States District Court for lack of
 jurisdiction, or the action is dismissed by the United
 States District Court for improper venue." 735 ILCS
 5/13-217 (West 1994).
 Based upon this provision, the trial court dismissed plaintiff's
second state court complaint finding that it was an impermissible
second refiling. See Flesner v. Youngs Development Co., 145 Ill.
2d 252, 582 N.E.2d 720 (1991) (stating that section 13-217
permits one refiling).
 The plaintiff argues on appeal that its second state court
complaint was not a second refiling. In support of this
argument, the plaintiff contends that the federal action was not
the single permissible refiling because that action was not
dismissed on one of the bases enumerated in section 13-217. See
Fanaro v. First National Bank, 160 Ill. App. 3d 1030, 513 N.E.2d
1041 (1987). The plaintiff also argues that the federal
complaint was not a refiling of the earlier state action because
it contained federal claims not previously raised in the state
action. Finally, the plaintiff argues that, even if the second
state court complaint was a second refiling, it was so only with
respect to counts I through XII. The plaintiff argues that
counts XIII through XXIV raise new causes of action and, as such,
do not constitute a refiling of the earlier state complaint. For
the reasons discussed below, we reject plaintiff's arguments and
affirm the dismissal of plaintiff's amended complaint in its
entirety.
 Plaintiff's first contention, that the federal complaint was
not the single refiling permitted by section 13-217, finds
support in the case of Fanaro v. First National Bank, 160 Ill.
App. 3d 1030, 513 N.E.2d 1041 (1987). In Fanaro, the plaintiff
filed an action in the state court which was dismissed for want
of prosecution. The plaintiff then filed a complaint in the
federal court. That complaint raised the previously dismissed
state claims and raised federal statutory violations not
previously alleged. The federal court dismissed the federal
claims for failure to state claims upon which relief could be
granted and terminated the pendent state claims. The plaintiff
then filed a third complaint in the state court in which he
realleged the prior state claims and added a new count for common
law fraud. The defendants moved to dismiss the third complaint
as an impermissible refiling under section 13-217 of the Code;
but the court denied the motion. The appellate court affirmed
the trial court and held that the federal court's refusal to
exercise pendent jurisdiction over state law claims was not a
dismissal for lack of subject matter jurisdiction such that the
federal court refiling did not constitute the single permissible
filing under section 13-217. 
 Recently, our supreme court rejected the holding in Fanaro
and its distinction between a federal court's dismissal of the
refiled complaint for lack of supplemental jurisdiction (which
includes pendent jurisdiction) and a federal court's dismissal of
the refiled complaint for lack of subject matter jurisdiction. 
Timberlake v. Illini Hospital, No. 80700 (January 30, 1997). In
Timberlake, the court held that a federal court's "dismissal for
lack of supplemental jurisdiction has no different effect on a
plaintiff's right to refile under section 13-217 than does a
dismissal for lack of subject matter jurisdiction generally." 
Timberlake, slip op. at 5. Under facts identical to Fanaro and
to the instant case, the Timberlake court upheld the dismissal of
the plaintiff's second state court action because the plaintiff's
refiling of her identical state court claims in the federal court
after those claims had been dismissed in the earlier state court
action constituted the single refiling permitted by section 13-
217 of the Code.
 Here, as in Timberlake, the plaintiff was entitled to one
refiling of the claims voluntarily dismissed in the first action
filed in the circuit court of Cook County. If the federal
complaint realleged the causes of action raised in the prior
state action, then that action would have been the single
refiling of those claims permitted by section 13-217 even though
the federal court dismissed the state claims for lack of
supplemental jurisdiction. See Timberlake, No. 80700; Flesner,
145 Ill. 2d 252, 582 N.E.2d 720; Ko v. Eljer Industries, Inc.,
No. 1-95-3114 (March 4, 1997).
 For purposes of section 13-217, a complaint is said to be a
refiling of a previously filed complaint if it contains the same
cause of action as defined by res judicata principles. See
Phillips v. Elrod, 135 Ill. App. 3d 70, 478 N.E.2d 1078 (1985). 
In Phillips, the court held that a federal claim, which was
premised on the same core of operative facts as the previously
dismissed state claim, constituted the single refiling permitted
under section 24 of the Limitations Act, the predecessor
provision of section 13-217 of the Code. Accord Timberlake v.
Illini Hospital, 277 Ill. App. 3d 1041, 661 N.E.2d 1145 (1996),
aff'd, No. 80700 (January 30, 1997). See also Rodgers v. St.
Mary's Hospital, 149 Ill. 2d 302, 312, 597 N.E.2d 616, 621 (1992)
stating:
 "To determine whether causes of action are the same for
 res judicata purposes, Illinois courts have adopted two
 tests. [Citations.] The first is called the 'same
 evidence' test. Under that test, res judicata bars a
 second suit if the evidence needed to sustain the
 second suit would have sustained the first, or if the
 same facts were essential to maintain both actions. 
 [Citations.] The second test is the 'transactional'
 approach, which considers whether both suits arise from
 the same transaction, incident, or factual situation.
 The transactional approach provides that '"the
 assertion of different kinds of theories of relief
 still constitutes a single cause of action if a single
 group of operative facts give rise to the assertion of
 relief."' Citations."
 Accord Zabel v. Cohn, 283 Ill. App. 3d 1043, 670 N.E.2d 877
(1996). 
 Here, all of the complaints filed by D'Last sought recovery
for damages resulting from various acts of misconduct by the
defendants and/or their employees which allegedly interfered with
plaintiff's passport photography business. Briefly summarized,
the tortious acts, some of which allegedly occurred on more than
one occasion, included jostling and accosting plaintiff's
potential customers, assaulting plaintiff's employees,
interfering with ingress into and egress from plaintiff's
business establishment, maligning plaintiff's services, and
damaging and converting plaintiff's property. Based upon those
acts, D'Last sought recovery in all three actions under theories
of interference with contract and prospective contract, trade
slander, trespass, nuisance, consumer fraud and deceptive trade
practices and conspiracy. The federal complaint, in addition to
raising these state law claims, alleged federal antitrust and
RICO violations based upon various acts affecting interstate
commerce including solicitation to commit murder, attempted
extortion, and conspiracy to monopolize the passport and
immigration photography and fingerprint business.
 The plaintiff contends that the federal complaint was not a
refiling of the first state action because it contained claims
for antitrust and RICO violations. According to the plaintiff,
those claims did not involve the same core of operative facts as
the state common law and statutory claims raised in the state
court action. The plaintiff has not, however, supported this
contention with detailed argument or with citation of authority
such that we find the argument waived. See 155 Ill. 2d 341(e)(7)
(argument shall contain reasons and citation of authorities);
Bank of Illinois v. Thweatt, 258 Ill. App. 3d 349, 630 N.E.2d 121
(1994). Moreover, notwithstanding this waiver, plaintiff's
argument, even if correct, would not be dispositive. Even
assuming the federal complaint included federal claims that were
not premised on the same core of operative facts as the claims
made in the earlier state action, that complaint also realleged
the state claims raised in the earlier state action. Thus, it
was a refiling of the first state court action. Moreover, since
the plaintiff concedes that the state claims raised in the
federal action and in the first state court action have been
repled in counts I through XII of that amended complaint filed in
the second state court action, based on Timberlake, No. 80700
(January 30, 1997), those counts were properly dismissed as a
second refiling barred by section 13-217.
 The plaintiff next contends that the second state court
action was not a second refiling of the first state court action
because it, too, contained claims that were not alleged in the
earlier action. Plaintiff's argument in this regard is limited
to counts XIII through XXIV of its amended complaint filed in the
second state action. Those counts seek recovery on the same
state common law and statutory theories of liability raised in
the first state action. They are different in that they allege
misconduct by the defendants that occurred after the amended
complaint in the first state action was filed (September 8, 1992)
but before that amended complaint was voluntarily dismissed by
the plaintiff in March 1994.
 Generally, a defendant's continuing course of conduct, even
if related to conduct complained of in an earlier action, creates
a separate cause of action. E.g., Lawlor v. National Screen
Service Corp., 349 U.S. 322, 75 S. Ct. 865, 99 L. Ed. 1122 (1955)
(continuing antitrust violations); United Food & Commercial
Workers Local 100-A Health & Welfare Fund v. City Foods, Inc.,
878 F. Supp. 122 (N.D. Ill. 1995) (continuing ERISA violations);
Raabe v. Messiah Evangelical Lutheran Church, 245 Ill. App. 3d
539, 615 N.E.2d 15 (1993) (continuing nuisance). The doctrine of
res judicata does not bar claims for continuing conduct
complained of in the second lawsuit that occur after judgment has
been entered in the first lawsuit. Lawlor, 349 U.S. 322, 75 S.
Ct. 865, 99 L. Ed. 1122 (second action not barred where conduct
occurred subsequent to prior judgment); Zip Dee, Inc. v. Domestic
Corp., 886 F. Supp. 1427 (N.D. Ill. 1995) (second trade
infringement case not barred where infringement alleged therein
based upon post-judgment product design); Raabe, 245 Ill. App. 3d
539, 615 N.E.2d 15 (second action not barred for subsequent
flooding that results from continuing nuisance).
 In the instant case, however, the conduct alleged in counts
XIII through XXIV occurred after the plaintiff filed its amended
complaint in the first state court action but before that
complaint had been dismissed. In Green v. Illinois Department of
Transportation, 609 F. Supp. 1021 (D.C. Ill. 1985), the federal
court was presented with a similar fact pattern. The plaintiff
in that case had filed an action in December 1981 alleging
retaliatory harassment and denial of promotion based upon race in
late 1980. That action was dismissed for want of prosecution on
March 29, 1984. While that action was pending, in July 1983, the
plaintiff filed a discrimination charge with a state regulatory
agency charging discrimination in promotion in September 1982 and
retaliatory discharge in July 1983. The state agency issued a
"Right to Sue" letter, and the plaintiff filed suit in August
1984. That second lawsuit recited the same history of facts as
the 1981 lawsuit and sought injunctive and monetary recovery for
the 1982 promotion denial, the 1983 discharge, and continuing
harassment. 
 The Green court found that the claims filed in 1984 based
upon the 1982 promotion denial and the 1983 discharge were not
barred under the doctrine of res judicata. Apparently, the court
found that those claims were not part of the same core of
operative facts as the earlier 1980 promotion denial, even though
they were related to conduct complained of in the earlier action,
since the court held that the later claims were new and separate
monetary claims for relief. Green, 609 F. Supp. at 1025-26. The
court also found that although those claims arose while the
plaintiff's earlier action was pending, the plaintiff was not
required to amend his earlier complaint to include those claims.
 The Green court reached a different result, however, with
respect to the plaintiff's 1984 claim for harassment that was
alleged to have been regular and continual beginning as early as
1980. The court found support for distinguishing the harassment
claim from the promotion and discharge claims in the following
language which it quoted from a treatise on federal procedure:
 "'Perhaps the best rule would be that claims for
 damages need include only matters arising out of
 injuries inflicted before the commencement of suit,
 while claims for declaratory or injunctive relief that
 intrinsically deal with conduct persisting through
 trial or into the future should embrace all matters
 arising prior to the close of trial or even judgment.'"
 Green, 609 F. Supp. at 1025 quoting 18 C. Wright, A.
 Miller & E. Cooper, Federal Practice & Procedure 4409,
 at 81 (1981).
 The court then stated:
 "In contrast to the discharge or denial of promotion,
 this alleged daily oppression [plaintiff's harassment
 claim] did continually violate Title VII [42 U.S.C.
 2000e et seq.]. Given the continuing nature of this
 harassment, Green's prayer for injunctive relief would
 have stopped this harassment from continuing beyond the
 date of judgment. *** Green is seeking a second
 chance to litigate the same harassment he complained of
 in Green I, even though he had a full and fair chance
 to obtain complete relief in Green I. This is what the
 doctrine of res judicata is meant to prevent. *** 
 Where a prayer for injunctive relief deals with
 continuing conduct which by nature persists through
 trial, the plaintiff can usually litigate the claim
 fully without having to amend to seek complete redress. 
 Thus, we agree with the above suggestion of Professors
 Wright, Miller and Cooper that it may be fair to
 preclude later claims for injunctive relief which are
 based on a continual course of conduct which occurred
 before judgment had been entered in a previous suit." 
 Green, 609 F. Supp. at 1026-27.
 See also City of Chicago v. Harris Trust & Savings Bank, 56 Ill.
App. 3d 651, 655-56, 371 N.E.2d 1182, 1186 (1977) (applying res
judicata principles to continuing nuisance, stating,
 "To hold that a prior adjudication on the merits is not
 a bar to the relitigation of the same case simply
 because each day the alleged violation exists
 constitutes a separate and distinct offense would be to
 defeat the purpose of the res judicata doctrine.")
 In the instant case, the plaintiff's claims, as with the
harassment claim in Green, were based upon acts of misconduct
that were of a continuing nature aimed at disrupting the
plaintiff's passport photography business. The claims presented
in counts XIII through XXIV were not separate and distinct from
the claims raised in the first state action. They were claims
premised on identical and repeated acts of tortious and harassing
misconduct, different only in the dates of occurrence. See St.
Louis v. Baystate Medical Center, Inc., 30 Mass. App. Ct. 393,
568 N.E.2d 1181 (1991) (holding that res judicata doctrine barred
subsequent action premised on defendants' acts of interference
which occurred after filing of plaintiffs' first action but
before that action had been dismissed; facts to be proved in both
actions had a common quality, to restrict plaintiffs' clinical
privileges and ultimately to oust plaintiffs).
 Here, the plaintiff's first state action anticipated and
alleged the continuing nature of defendants' conduct and sought
injunctive relief for that very reason. See generally 18 C.
Wright, A. Miller & E. Cooper, Federal Practice & Procedure
4409, at 76-77 (1981) (claims for "injunctive relief that
intrinsically deal with conduct persisting through trial or into
the future should embrace all matters arising prior to the close
of trial or even judgment"). Given this factual scenario, there
is no doubt that the plaintiff could have fully litigated all of
its claims for relief in the earlier state action. In fact, our
code of civil procedure allows a plaintiff to file a supplemental
pleading to add matters which arise after the original pleading. 
See 735 ILCS 5/2-609 (West 1992) formerly Ill. Rev. Stat. 1991,
ch. 110, par. 2-609 ("[s]upplemental pleadings, setting up
matters which arise after the original pleadings are filed may be
filed within a reasonable time"). A supplemental pleading
constitutes an amendment to the prior pleading and forms a part
of and is tried with the original case. See Kovac v. Kovac, 26
Ill. App. 2d 29, 167 N.E.2d 281 (1960); Caldwell v. First
National Bank, 89 Ill. App. 448 (1900). While discretionary with
the trial court (see Rank v. Rank, 107 Ill. App. 2d 339, 246
N.E.2d 12 (1969) (supplemental pleading may be filed by leave of
court)), the filing of such a pleading would have been permitted
here. The defendants would not have been surprised or prejudiced
by that filing because the plaintiff's prior pleadings asserted
that the defendants' conduct was continuing. See Schwaner v.
Belvidere Medical Building Partnership, 155 Ill. App. 3d 976, 508
N.E.2d 522 (1987) (trial court abused discretion in denying
motion to file amended pleading where no prejudice or surprise to
opposing party); First National Bank & Trust Co. v. Sousanes, 66
Ill. App. 3d 394, 384 N.E.2d 30 (1978) (amendment should be
permitted where no prejudice or surprise to other parties). See
also St. Louis, 30 Mass. App. Ct. 393, 568 N.E.2d 1181 (amendment
of existing action to include subsequent acts of interference is
particularly apt where existing action seeks forward-looking
injunctive relief and is likely to look to events and facts which
develop after the complaint is first filed). As a result, since
the plaintiff's claims for relief in counts XIII through XXIV are
based on a continual course of conduct which occurred before
judgment in the earlier action was entered, those claims would be
barred by the doctrine of res judicata and thus are considered to
be a second refiling of the prior state court action. See
Phillips, 135 Ill. App. 3d 70, 478 N.E.2d 1078.
 For the forgoing reasons, the judgment of the circuit court
of Cook County is affirmed.
 Affirmed.
 COUSINS, Jr., P.J. and CAHILL, J., concur.